UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MOHAMEDOU EL VAGHA ZEIN,

     Petitioner,

v.

JOSH JOHNSON, et al.,

     Respondents.

No. 1:25-CV-280-H

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Mohamedou El Vagha Zein,[1] a native and citizen of Mauritania, is one such alien, having illegally entered the United States two years ago. His habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, El Vagha Zein's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like El Vagha Zein are not entitled to bond, but they are permitted to remain in U.S. custody and

---

[1] The petitioner's name is presented as "El Vagha Zein Mohamedou" in his petition (Dkt. No. 1) and reply brief (Dkt. No. 11). Because his Mauritanian identification card lists a different ordering, the Court refers to him as "Mohamedou El Vagha Zein." *See* Dkt. No. 10 at 25.

fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the petition (Dkt. No. 1) is denied.

## 1.   Background

In 2024, El Vagha Zein illegally crossed into the United States near Otay Mesa, California. Dkt. No. 10 at 5. He was soon placed into removal proceedings with a Notice to Appear. *Id.* The NTA charged him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* at 7; *see* 8 U.S.C. § 1182(a)(6)(A)(i). That NTA was dismissed in May 2025, after which El Vagha Zein "was taken into custody" and placed into expedited removal proceedings pursuant to 8 U.S.C. § 1225. Dkt. No. 9 at 6. In November 2025, El Vagha Zein was issued a new NTA, charging him with removability as an alien without valid immigration documents. *Id.*; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I).

While detained, El Vagha Zein challenged ICE's custody determination—including its decision that he must be detained without bond—before an immigration judge. Dkt. Nos. 10 at 81; 9 at 6. The IJ cited a lack of jurisdiction in light of the Board of Immigration Appeals' recent opinion in *Matter of Yajure Hurtado*, holding that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).

Months later, El Vagha Zein filed a petition for a writ of habeas corpus. Dkt. No. 1. The petition states two claims for relief. First, El Vagha Zein alleges that his detention without bond violates the INA. *Id.* ¶¶ 49–51. Second, El Vagha Zein contends that his detention without bond violates his due process rights. *Id.* ¶¶ 52–56.

The Court ordered the respondents to show cause why El Vagha Zein's petition should not be granted.  Dkt. No. 4; *see* 28 U.S.C. § 2243.  The respondents timely answered (Dkt. Nos. 9; 10), and El Vagha Zein replied (Dkt. No. 11).  El Vagha Zein's counsel, Christine Hoffman, applied for admission pro hac vice (Dkt. No. 3) using the Western District of Texas's application form.  Hoffman filed an amended application the following day, again using the Western District's application form.  Dkt. No. 6.  The Court denied the application for failure to comply with the Local Rules and ordered Hoffman "to re-apply for admission pro hac vice on or before March 23, 2026, should she seek to continue representing" El Vagha Zein.  *Id.* at 1.  Hoffman did not respond.[2]

While litigation was underway in this case, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225.  *See* 166 F.4th at 498.  The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A).  The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp.  *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 754 (N.D. Tex. 2026)).

---

[2] Hoffman is hereby warned that "failure to file a motion to appear pro hac vice or otherwise cure [her] non-admitted status is sanctionable." *Vargas v. Wells Fargo Bank, N.A.*, No. A-12-CA-079, 2012 WL 13028297, at *2 (W.D. Tex. Mar. 28, 2012).

Currently, El Vagha Zein is detained at the Bluebonnet Detention Facility.  Dkt. No. 1 ¶ 1.

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases.  *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody."  *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

## 3.    Analysis

As noted above, El Vagha Zein raises two claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, and another based on the Fifth Amendment's Due Process Clause.  Dkt. No. 1 ¶¶ 49–56.  As explained below, *Buenrostro-Mendez* forecloses El Vagha Zein's statutory claim.  Thus, the only claim left for consideration is El Vagha Zein's due process claim.  The Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[3]  Even so, the

---

[3] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

Court considers the arguments raised in El Vagha Zein's briefing to address whether bondless detention of aliens present in the United States violates the Constitution. The answer is no.

### A.   *Buenrostro-Mendez* forecloses El Vagha Zein's INA claim.

El Vagha Zein is an "applicant for admission" within the meaning of Section 1225(a)(1). Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). El Vagha Zein is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, El Vagha Zein's INA claim fails.[4]

### B.   The Due Process Clause does not require the government to give El Vagha Zein a bond hearing.

Next is El Vagha Zein's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 52–56. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to El Vagha Zein's arguments. He devotes only a few sentences to this claim, arguing that he "has a fundamental interest in liberty and being free from official restraint," and that his detention "without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process." *Id.* ¶¶ 54, 55. He does not clarify

---

[4] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.3.

whether his challenge is based on substantive or procedural due process. But either way, he is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."

*Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better. As an "applicant for admission," El Vagha Zein has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, El Vagha Zein is not entitled to a bond hearing as a matter of procedural due process.

**4.    Conclusion**

In short, El Vagha Zein, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. And the Due Process Clause does not require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on May 18, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE